IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RAYMOND W. BODEN SR., § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | Civil Action No. 4:16-CV-1076-Y |
| § | |
| RODNEY W. CHANDLER, Warden, § | |
| FCI-Fort Worth, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is petitioner Raymond W. Boden Sr.'s petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction. No service has issued upon Respondent.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is serving a 121-month term of imprisonment on his 2012 conviction in the Eastern District of Tennessee, Case No. 3:11-cr-00088-TAV-HBG-1, for attempting to coerce a minor to engage in sexual activity. (J., United States v. Boden, Criminal Docket for case #3:11-cr-00088-TAV-HBG-1, ECF No. 48.) Petitioner pleaded guilty to the offense and was sentenced in accordance with a plea-bargain agreement. (Pet. 3, ECF No. 1.[1]) He did not appeal his

---

[1] Because the petition contains several insertions, the pagination in the ECF header is used.

conviction or sentence but has filed a § 2255 motion in the convicting court, which remains pending.

In this § 2241 habeas petition, Petitioner claims (1) he was entrapped by law enforcement who "designed and perpetuated the crime without reason"; (2) his guilty plea was involuntary due to threats against his family members and manipulation of the evidence; (3) the government used threats against his family members to force him into an involuntary plea; and (4) he received ineffective assistance of counsel during the plea proceedings. (*Id.* at 5-6.) He seeks "immediate release from custody, appropriate compensation and cleaned records." (*Id.* at 8.)

## II. DISCUSSION

Title 28 U.S.C. § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2] A habeas petition under § 2241 is generally used to challenge the manner in which a sentence is executed and a § 2255 motion is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2

1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). In order to meet this burden, a petitioner must show that (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner asserts in his § 2241 petition that the remedy by way of a § 2255 motion is inadequate or ineffective because of the convicting court's "inordinate delay" of three-plus years in ruling on the pending motion. (Pet. 7, ECF No. 1.) However, Petitioner fails to satisfy the first and third requirements and cannot satisfy the second requirement above. A § 2241 petition is not an alternative to the relief afforded by motion in the convicting court under § 2255. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir. 1963)). Precedent "regarding § 2255's savings clause makes clear that § 2241 is not a mere substitute for § 2255 and that the

inadequacy or inefficacy requirement is stringent." *Reyes-Requena,* 243 F.3d at 901.

Petitioner has a § 2255 motion pending in the convicting court raising claims virtually identical to the claims raised herein. A mere delay in the resolution of his § 2255 motion does not constitute a basis for finding that his § 2255 remedy is ineffective or unavailable. *See Frederick v. Fleming,* 2004 WL 258224, at *2 (N.D.Tex. Feb. 5, 2004) (providing "[p]etitioner has not cited any authority, nor has this court found any case law, which holds that mere delay in the disposition of a § 2255 motion constitutes a basis for finding that a federal prisoner's § 2255 remedy is ineffective or unavailable."). *See also McCarthy v. Dir. of Fed. Bureau of Prisons,* 245 Fed. App'x 118, 120, 2007 WL 2319818, at *1 (3d Cir. Aug. 15, 2007)(assuming that "inordinate delay" in obtaining a ruling on a § 2255 motion might render the remedy inadequate, but finding that such circumstances did not exist where delay was largely of petitioner's own making and he could seek writ of mandamus from court of appeals to compel a § 2255 ruling); *United States v. Dago,* 441 F.3d 1238, 1248-50 (10th Cir. 2006) (providing seven-year delay caused by active litigation of § 2255 motion did not violate due process; suggesting that such delay was insufficient to render § 2255 ineffective); *Sines v. Wilner,* 609 F.3d 1070, 1073 n.1 (10th Cir. 2010) (providing because relief by mandamus may be available when a prisoner believes that a district court is taking

too long to resolve a § 2255 motion, "one could conclude that delay does not render § 2255 an inadequate remedy"), *cert. denied,* 562 U.S. 1182 (2011); *United States v. Pirro,* 104 F.3d 297, 300 (9th Cir. 1997) (providing delay in deciding a petitioner's § 2255 motion does not render that remedy inadequate or ineffective, such that he can resort to seeking contemporaneous relief under § 2241).

It is apparent from the face of the petition that Petitioner does not meet all three criteria required to invoke the savings clause of § 2255. Therefore, the Court is without jurisdiction to consider the petition. *See Christopher v. Miles,* 342 F.3d 378, 385 (5th Cir. 2003).

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction and DENIES a certificate of appealability because Petitioner has neither alleged nor demonstrated that he is entitled to proceed under 28 U.S.C. § 2241.

SIGNED November 29, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE